STATE *versus* STRAW & *al.*

An omission by the Judge to give the instruction which counsel, in addressing the jury, may have contended for, furnishes no ground for exceptions unless the Judge was requested to give such instruction.

In a criminal prosecution for a riot, it is no defence that two persons only were engaged in the illegal physical act, if a third person was, at the time, aiding and abetting them by his presence.

ON EXCEPTIONS from the District Court, COLE, J.

Indictment for a riot against two defendants, charging that they with others, armed with clubs, &c., unlawfully, riotously, violently and tumultuously assembled themselves together and broke down and demolished a dwellinghouse, to the terror, &c.

The testimony tended to prove, that two persons only were engaged in the physical act charged, but that a third person was aiding and abetting them by his presence. The defendants contended, that in order to prove a riot, it was necessary for the government to show, that three persons were engaged in some illegal physical act.

The Judge instructed the jury, that if two were engaged in the illegal act and the third was there aiding and abetting by his presence, it was sufficient. To that ruling the defendants excepted, the verdict being against them.

*Bourne* and *Dana*, for the defendants.

"It must be proved, that three persons, at least, were engaged in the *unlawful assembly* and *assault*, otherwise defendants must be acquitted, for unless committed by three or more, it can be no riot." Archbold's Crim. Prac. 699 and 707.

"If three or more, lawfully assembled and quarreling, fall on one of their company, no riot. But if they fall on a stranger, they thereby begin an unlawful assembly, and their concurrence is evidence of an evil intention, *in them that concur*, so that

it is a riot in *them that act, and no more.*" 2 Salk. 594 and 595.

These cases plainly imply the necessity of action in at least three.

Three were present, but no riot, unless there be evidence of *their action.*

" When three or more persons together and in a violent or tumultuous manner commit an unlawful act, or together do a lawful act in an unlawful, violent or tumultuous manner, to the disturbance of others, they are guilty of a riot." Statute of Iowa.

Common Law as to what is necessary to constitute a riot is abrogated by the Stat. chap. 159, sect. 3, page 682.

The Statute describes a riot; this overrides all other description.

" When three or more persons together and in a violent or tumultuous manner, commit an unlawful act, or together do a lawful act in an unlawful, violent or tumultuous manner, to the disturbance of others," it is a riot.

" All words and phrases shall be construed according to the common and approved usage of our language." R. S. chap. 1, sect. 3, clause 1.

Criminal statutes are to be construed strictly.

The word " *together*" does not relate to the assembling, but to the act done.

" Engaged," means active in the work.

To be engaged in a fight, a battle, a conspiracy, or in any work or job, means *doing* something in it.

Lord Holt says, in a case there referred to, " if a statute inflicts a penalty on one who does so and so, it shall not be extended to one aiding and assisting." 6 Dane, 650.

To support an indictment for a riot, the defendants must be *active* in doing or countenancing an unlawful act, or standing ready to support such act." *Pennsylvania* v. *Craig*, Addison, 190.

The instruction that, if defendant was aiding and abetting *by his presence,* it was sufficient, is clearly erroneous.

It is not said if he was present, *aiding and abetting*, but that the *presence only* was the aiding and abetting; that is, that his presence was the only instrumentality.

If mere presence alone was sufficient, then any one, even · the magistrate, present for the purpose of quelling, or any one looking on, a child, an insane person, even those terrified, · would be guilty.

At common law, all who abet in a crime, whether present or absent, are criminal; but *presence* is no more guilt than *absence*.

*Tallman*, Attorney General, and *Drew*, County Attorney, for the State.

SHEPLEY, C. J., orally. —

It was contended at the trial by the defendants that, to prove a riot, it was necessary for the government to show that three persons were engaged in some illegal physical act; and the counsel have now argued as if this question was raised upon the exceptions. But what counsel contended for, is no ground for exceptions. The Court must first be requested to charge upon the point made, and if the request is refused, exceptions may be taken. The instructions which the Judge gave to the jury, and the legal effect of them, are the only questions which can now be raised upon these exceptions. The jury were instructed that if two were engaged in the illegal act, and the third was there, aiding and abetting by his presence, it was sufficient. It is insisted that by the common law and by statute, a riot cannot be committed unless three persons were engaged in it, and doing some unlawful act. The Court are not satisfied that such is the rule at common law. By the common law, where three persons are together for a common, unlawful purpose, and acting in concert, it is not necessary, to constitute a riot, that all should do some physical act. It is enough, if two, or perhaps one, does the unlawful deed, if the other be aiding, assisting and abetting. He becomes an actor by aiding and abetting. Suppose one actually pulls down a building, while the other two stand

by to watch and keep others off, they become participators in the act.

But it is argued that by the R. S. chap. 159, sect. 3, it is required that at least three persons should be present, committing some unlawful act, to constitute the offence, and that a person cannot be considered as committing an unlawful act, who does nothing to accomplish it. But if two persons pull down a house, and a third stands by to protect them, he commits an unlawful act. The common law defines what an unlawful act is. By that, all who aid, assist and abet, are held to do what the others do.

But it is said that it does not follow that the third person was aiding and abetting, because he was present.

Whether the third person was aiding and abetting, was a question for the jury, and it was fully submitted to them by the instruction. *Exceptions overruled.*